IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GEMCAP LENDING I, LLC,**

    **Plaintiff,**

v.

**BANCCENTRAL NATIONAL ASSOCIATION, et al.,**

    **Defendants.**

Case No. 19-2481-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on defendants' Motion to Change Judge (Doc. 130). As explained more fully below, the court grants the motion. And the court directs the Clerk of the Court to reassign this case to the Honorable Carlos Murguia.

**I.     Background**

The allegations in this lawsuit arise from a series of lending transactions made by plaintiff GemCap Lending I, LLC ("GemCap") to Pertl Ranch LLC, Pertl Ranch Feeders, LLC, and Outlaw Farms & Trucking, LLC (collectively, "borrowers"). None of the defendants in this lawsuit are borrowers or guarantors of the loans. Instead, defendants are third parties, who plaintiff GemCap alleges, deprived it of the collateral used to secure GemCap's loans to borrowers. Generally, GemCap asserts various tort claims against defendants for allegedly misrepresenting facts, cross-collateralizing assets without notifying GemCap, and selling assets without notifying GemCap.

Plaintiff GemCap filed this lawsuit in California state court. Doc. 1-1. Defendants removed the action to the Central District of California. Doc. 1. Then, on August 16, 2019, the California federal court transferred the case to this District. Doc. 119.

After transfer, defendants filed a "Motion to Change Judge." Doc. 130. Defendants explain in their motion that another judge in our court—Judge Murguia—is presiding over a receivership action that GemCap filed against the borrowers on November 19, 2018 ("the Receivership Action"). Doc. 130 at 1; *see also* Compl., *GemCap Lending I, LLC v. Pertl Ranch, LLC*, No. 18-2622-CM-JPO (D. Kan. Nov. 19, 2018), ECF 1. On March 28, 2019, BancCentral, National Association ("BancCentral") filed an Intervenor Complaint in the Receivership Action. *See* Compl. in Intervention for Monetary and Declaratory J. and Foreclose of Real Property, *GemCap Lending I, LLC v. Pertl Ranch, LLC*, No. 18-2622-CM-JPO (D. Kan. Mar. 28, 2019), ECF 118. BancCentral also is a defendant in this lawsuit. BancCentral's Intervenor Complaint seeks, among other things, (1) a money judgment on outstanding loans and guarantees, (2) a declaratory judgment declaring that BancCentral has first priority interest in certain property, and (3) foreclosure of BancCentral's mortgage on certain real property. *Id.* at 1–2.

On July 11, 2019, BancCentral filed a Motion for Partial Summary Judgment in the Receivership Action. Mot. for Partial Summ. J., *GemCap Lending I, LLC v. Pertl Ranch, LLC*, No. 18-2622-CM-JPO (D. Kan. July 11, 2019), ECF 162. GemCap opposes the Motion for Partial Summary Judgment. Mem. in Opp'n to BancCentral, National Association's Mot. for Partial Summ. J., *GemCap Lending I, LLC v. Pertl Ranch, LLC*, No. 18-2622-CM-JPO (D. Kan. Sept. 3, 2019), ECF 187. GemCap's Opposition twice discusses this lawsuit—describing it as a lawsuit filed against BancCentral and others asserting tort claims for allegedly unlawful behavior that has "adversely affected GemCap's interests relating to GemCap's loans . . . ." *Id.* at 3; *see also id.* at 19. Judge Murguia has not yet ruled the Motion for Partial Summary Judgment in the Receivership Action.

Defendants' Motion for Change of Judge asks the court to transfer this case to Judge Murguia because, defendants contend, this lawsuit and the Receivership Action involve some of the same parties and present overlapping questions of law and fact. Thus, defendants assert, transferring the case to Judge Murguia will promote judicial efficiency by having one judge, who is already familiar with the case, decide the overlapping issues. Also, defendants contend, transfer will avoid a risk of inconsistent rulings on the same issues.

**II.    Analysis**

Defendants cite no procedural rule that authorizes them to ask the court to transfer the case to another judge in this district. Indeed, plaintiff GemCap opposes defendants' motion by arguing that "it does not rely on any accepted statutory or rule-based reason for a change of judge." Doc. 140 at 1. But, defendants assert, the court has authority to transfer cases to another judge under its "inherent . . . power to control its docket." *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.*, 836 F. Supp. 757, 763 (D. Kan. 1993). A court has discretion to use this power "for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Although not cited by defendants, our local rule, D. Kan. Rule 40.1, allows a judge to "transfer [a] case to another judge who consents to such transfer" when the judge has "the approval of the chief judge" and a transfer is "[i]n the interest of justice or to further the efficient disposition of the business of the court." D. Kan. Rule 40.1. Also, the court recognizes Rule 1 of the Federal Rules of Civil Procedure directs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Here, the court finds that transfer of this case to Judge Murguia is appropriate under D. Kan. Rule 40.1 because it is in the

interest of justice and will promote the efficient disposition of the court's business.[1] Also, a transfer will serve the aims of Rule 1 by promoting judicial efficiency and preserving resources.

Defendants correctly assert that this lawsuit and the Receivership Action involve overlapping issues of law and fact. Even plaintiff GemCap concedes that the two lawsuits are "related" and "touch upon some of the [same] issues." Doc. 140 at 2, 3. But, GemCap argues, the questions of law and fact in this case are not so related to justify a transfer to Judge Murguia. The court respectfully disagrees. Both cases arise from loans that GemCap made to the borrowers. In this case, plaintiff GemCap asserts that BancCentral and the other defendants conspired to defraud GemCap and engaged in other allegedly unlawful conduct designed to deprive GemCap of the collateral used to secure the loans to the borrowers. *See generally* Doc. 1-1. In the Receivership Action, GemCap asserts the same arguments as affirmative defenses to BancCentral's Intervenor Complaint. *See* Answer to BancCentral, National Association's Compl. in Intervention, *GemCap Lending I, LLC v. Pertl Ranch, LLC*, No. 18-2622-CM-JPO (D. Kan. Apr. 26, 2019), ECF 137 at 16–17 (asserting as affirmative defenses that GemCap's claims fail because of BancCentral's bad faith actions, misrepresentations, and inequitable conduct); *see also* Mot. for Partial Summ. J., *GemCap Lending I, LLC v. Pertl Ranch, LLC*, No. 18-2622-CM-JPO (D. Kan. Sept. 3, 2019), ECF 187 at 10, 15, 18, 20–21, 23.

Because the two cases involve similar and overlapping issues, the court finds that transferring the case to Judge Murguia is in the interests of justice. A transfer will allow the same judicial officer to decide the overlapping issues of law and fact asserted in the two lawsuits, thereby promoting judicial efficiency and avoiding a risk of inconsistent rulings. Also, transfer will defray the costs the parties will incur litigating the same issues before two different judges.

---

[1] Consistent with D. Kan. Rule 40.1, the undersigned judge has received Chief Judge Julie A. Robinson's approval of the transfer here. Also, Judge Murguia has consented to the transfer.

Under similar circumstances, our court has granted motions to transfer a case to another judge in the district when a transfer will promote judicial efficiency.  *See, e.g.*, *Stoddard v. Oxy USA, Inc.*, No. 17-1067-JTM, 2017 WL 7370973, at *1 (D. Kan. Apr. 18, 2017) (transferring case to Judge Melgren because he was presiding over a case involving the same issues and same counsel, and thus, "judicial economy would be promoted by having a single judge resolve the issues surrounding such similar issues"); *Atkins v. Heavy Petroleum Partners, LLC*, No. 14-4016-DDC-KGG, 2014 WL 3854215, at *3–4 (D. Kan. Aug. 6, 2014) (transferring case to Judge Melgren because he had presided over an earlier lawsuit with related facts, and thus, transfer was appropriate "in the interests of justice"); *ConAgra Foods, Inc. v. Americold Logistics, LLC*, No. 13-2064-RDR, 2013 WL 12419320, at *1 (D. Kan. Mar. 21, 2013) (granting motion to transfer case to Judge Lungstrum because the case involved claims that arose from settlement agreements in earlier cases that Judge Lungstrum had presided over, and thus, Judge Lungstrum had "considerable knowledge of the circumstances surrounding the history of this case and the prior resolution [of the earlier cases]"); *A.H.L. Inc. of Del. v. Star Ins. Co.*, No. 97-4069-DES, 1997 WL 381755, at *1 (D. Kan. June 30, 1997) (transferring case to Judge Rogers because he was presiding over another case involving the same counsel and many of the same legal issues, and thus, "efficient disposition of the court's business would be furthered by the transfer of the above-captioned case to Judge Rogers").

Following the guidance in these cases and for the reasons discussed above, the court finds that transferring this case to Judge Murguia is appropriate under D. Kan. Rule 40.1.  The court thus grants defendants' Motion to Change Judge.  And the court directs the Clerk of the Court to reassign this case to Judge Murguia.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Change Judge (Doc. 130) is granted.  The court directs the Clerk of the Court to reassign this case to Judge Murguia.

**IT IS SO ORDERED.**

**Dated this 21st day of October, 2019, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**