IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEMCAP LENDING I, LLC,

      Plaintiff,

v.                                                    Case No. 19-2481-JWB

SHANE PERTL, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion from Plaintiff's former counsel to enforce an attorney lien against Defendants Jonathon Davis and Van Osdol, PC. (Docs. 202, 203.) Defendants oppose the motion (Doc. 204.) The court declines to exercise jurisdiction and the motion is DISMISSED for the reasons stated herein.

**I.    Procedural History**

This action was initiated by Plaintiff in California state court against several Defendants alleging claims of racketeering, negligence, fraud, and unfair business practices. (Doc. 1.) The action was removed to the Central District of California. It was then transferred to this district. (Doc. 119.) This court initially granted in part a motion to dismiss filed by Davis and Van Osdol. (Doc. 154.) Shortly after that order, counsel for Plaintiff filed notices of attorneys' liens pursuant to K.S.A. 7-108. (Docs. 181, 182.) The notices claimed a charging lien upon Plaintiff's claims and attached to "any settlement, verdict, report, decision, finding, or judgment in the Plaintiff's favor." (*Id.*) Plaintiff's counsel then filed a notice of withdrawal and new counsel entered in the case. (Docs. 183.) The parties then engaged in mediation, which resulted in settlement. (Doc. 199.) A stipulation of dismissal with prejudice was filed by Plaintiff as to Davis and Van Osdol.

1

(Doc. 200.)  The other Defendants had been previously dismissed by agreed order.  (Doc. 198.)  On March 19, 2021, the court terminated this case after the filing of the dismissal.  (Doc. 200.)

On March 21, 2022, David Marcus, one of Plaintiff's prior attorneys, filed an entry of appearance for Bartle + Marcus, LLC.  (Doc. 201.)  Marcus then filed the motion to enforce the attorneys' liens on behalf of Bartle + Marcus and Titus Hillis Reynolds Love, P.C., the firms that were previously retained by Plaintiff in this action.  (Doc. 202.)  Essentially, Plaintiff's prior counsel request that the court allow discovery to determine if there was a settlement between Defendants and Plaintiff and the amount of the settlement.  If there was such a settlement, Plaintiff's prior counsel argue that the charging lien attached to those proceeds and that they are entitled to an order requiring Defendants to pay their reasonable fees in this action.  (*Id.*)  Defendant argues that this court lacks jurisdiction over the motion.  (Doc. 204.)

**II.   Analysis**

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Here, the underlying claims have been dismissed.  However, federal courts may have ancillary jurisdiction to resolve disputes involving attorneys' fees with respect to work done in an underlying federal action.  *See Edwards v. Doe*, 331 F. App'x 563, 569–70 (10th Cir. 2009); *McGill v. City of Ottawa*, 773 F. Supp. 1473, 1474 (D. Kan. 1991).  Ancillary jurisdiction "rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety," *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982), and "may extend to claims having a factual and logical dependence on 'the primary lawsuit.'"  *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (citations omitted).  In *Edwards*, the Tenth Circuit explained that a court does have ancillary jurisdiction over a fee dispute between a party and its attorney.  331 F. App'x at 569.  The *Edwards* court also

held that it was appropriate for the court to exercise ancillary jurisdiction over a fee dispute between attorneys. *Id.* at 571.

In *Edwards*, the court recognized that the district court had discretion to exercise jurisdiction over the fee dispute although the action could have been brought in state court. *Id.* Here, Plaintiff's prior counsel offer no argument as to why this court should exercise jurisdiction over the motion to enforce the liens and, notably, failed to respond to Defendants' arguments raising a lack of jurisdiction. *See Foster v. Bd. of Trustees of Butler Cty. Comty. Coll.*, 771 F. Supp. 1118, 1121 (D. Kan. 1991) (discussing court's discretion to exercise ancillary jurisdiction in a fee dispute). Although the liens have a direct connection to the underlying suit, that suit was dismissed with prejudice by the parties and the court did not retain jurisdiction over the matter. No settlement proceeds were ever deposited into this court and the court did not enter an order approving the settlement. Notably, the court has no knowledge as to the terms and conditions of the settlement agreement, if any, between the parties. Moreover, Plaintiff's prior counsel seek additional factfinding in discovery in order to proceed on the motion which weighs against the exercise of jurisdiction. *See id.* This is not a simple fee dispute between a party and its counsel seeking to attach the liens to proceeds that are identifiable. Therefore, the court declines to exercise jurisdiction in this matter. *See Foster,* 771 F. Supp. at 1121-22; *Hoxeng v. Topeka Broadcomm, Inc.*, 949 F. Supp. 807, 807–08 (D. Kan. 1996) (citing *Auxier v. Abitibi–Price Corp.*, 857 F. Supp. 59, 61 (D. Kan. 1994)).

**IV.     Conclusion**

For the reasons set forth herein, the court declines jurisdiction and thus DISMISSES WITHOUT PREJUDICE Plaintiff's former counsel's motion to enforce an attorney lien against Defendant Jonathon Davis and Van Osdol, PC (Doc. 202).

IT IS SO ORDERED.  Dated this 10th day of May 2022.

                                         _s/ John W. Broomes_
                                         JOHN W. BROOMES
                                         UNITED STATES DISTRICT JUDGE